UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Winfred Darnell Benson Jr., #313613, | ) C/A No. 2:10-0030-JFA-RSC |
| Petitioner, | ) |
| vs. | ) |
| Robert M. Stevenson III, | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding *pro se* and *in forma pauperis* is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Winfred Darnell Benson, Jr., is presently confined in the Broad River Correctional Institution of the South Carolina Department of Corrections (SCDC), as the result of his Cherokee County conviction and sentence for the offense of murder. The Cherokee County Grand Jury indicted Petitioner at the May 2005 term for murder (05-GS-11-418). William Godfrey, Esquire, represented Petitioner on the charge.

On March 6, 2006, Petitioner pled guilty to the indicted charge. App. pp. 1-17. Sentencing was deferred to March 8, 2006. App. p. 27. The Honorable J. Derham Cole sentenced Petitioner to confinement for a period of life. App. pp. 29-34. Petitioner's trial counsel filed

a timely notice of appeal. Petitioner was represented in the appeal by Robert M. Dudek of the South Carolina Office of Indigent Defense. Counsel Dudek advised the Clerk of Court for the South Carolina Court of Appeals, on August 10, 2006, that Petitioner desired to waive his right to a direct appeal and drop the direct appeal without briefing. Counsel included an affidavit from the petitioner dated August 8, 2006. The South Carolina Court of Appeals entered its Order of Dismissal and Remittitur on August 17, 2006. *State v. Winfed Darnell Benson*, Order of Dismissal and Remittitur, S.C. Ct. App. August 17, 2006.

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (07-CP-11-103) on February 12, 2007. He alleged the following grounds for relief in the application:

1. Ineffective assistance of counsel.

2. Unintelligent, involuntary guilty plea.

3. Court without jurisdiction to impose sentence.

App. p. 38. The State filed its Return on May 15, 2007. App. pp. 44-49.

The Honorable Roger Couch held an evidentiary hearing into the matter on September 19, 2007, at the Spartanburg County Courthouse. Petitioner was present at the hearing and represented by Kenneth P. Shabel, Esquire. The State was represented by S. Prentiss Counts of the South Carolina Attorney General's Office. Petitioner moved for a continuance, App. pp. 53-55, stating that he had a pending PCR in Union County regarding a plea that occurred in that county which

2

could influence his Cherokee PCR action. The State objected to the motion, which was denied by Judge Couch. App. pp. 56-57. Testimony was received from the petitioner, plea counsel Bill Godfrey, and Syvernia Edrington. App. pp. 57-97. Judge Couch orally denied relief at the conclusion of the hearing. App. p. 98. On November 16, 2007, Judge Couch entered a written Order of Dismissal in which he denied relief and dismissed the Application with prejudice. App. pp. 101-110.

Petitioner timely served and filed a notice of appeal on December 3, 2007. Petitioner was represented by Robert M. Pachak, Appellate Defender of the South Carolina Commission on Indigent Defense. On March 18, 2008, counsel Pachak filed a Petition for a Writ of Certiorari raising the following sole arguable ground:

> Whether counsel was ineffective in failing to interview witnesses?

Petition for Writ of Certiorari at p.2. The State waived a return. Petitioner was given two extensions by the Court to make a *pro se* response, but failed to do so.

The Supreme Court of South Carolina entered an Order on January 8, 2009, granting appellate counsel's request to withdraw and denying the petition for a Writ of Certiorari. The Remittitur was issued on January 26, 2009.

The following exhibits have been made part of the file here:

   1.   August 10, 2006, Letter and August 8, 2006, Affidavit of Withdrawal;

2. *State v. Winfred Darnell Benson*, Order of Dismissal and Remittitur, S.C. Ct. App. August 17, 2006;

3. Petition for Writ of Certiorari;

4. *Benson v. State*, Order of South Carolina Supreme Court dated January 8, 2009;

5. Remittitur dated January 26, 2009;

6. Additional Records from Cherokee County Clerk of Court (i.e. indictment, sentencing sheets, etc.).

## HABEAS ALLEGATIONS

Petitioner raises the following allegations in his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254:

**GROUND ONE:** Ineffective assistance of counsel.

SUPPORTING FACTS: Counsel rendered ineffective assistance in not going to a jury trial.

**GROUND TWO:** Unintelligible, involuntarily entered guilty plea.

SUPPORTING FACTS: None.

**GROUND THREE:** Court without jurisdiction to impose sentence.

SUPPORTING FACTS: A preliminary hearing was timely requested before the grand jury indicted [petitioner].

Petitioner was provided a copy of the respondents' summary judgment motion on April 8, 2010, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 13. Petitioner did not file a timely response to the

4

respondents' motion for summary judgment, therefore, an Order was issued on May 13, 2010, directing Petitioner to file a response within ten (10) days. ECF No. 15. In response to the Court's Order, petitioner filed a document entitled "Motion for Stay and Abeyance." ECF No. 17. In the Motion, petitioner states that he "did not exhaust his Federal Constitutional claims in the South Carolina Appellate Courts." *Id.* at 2. As Petitioner has now responded to the summary judgment motion, it appears consideration of that motion is appropriate.

## **APPLICABLE LAW**

### STATUTE OF LIMITATIONS

Giving petitioner the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988), the present habeas corpus petition was filed the day it was dated, December 29, 2009.[1] Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations

---

[1] No date stamp from the prison mail room appears on the envelope, which was mailed on January 4, 2010.

period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2254(d)(2).

**DISCUSSION**

A review of the record and relevant case law reveals that the petitioner is not entitled to relief. The respondents argued that the petition must be dismissed as untimely, and it appears that the respondents are correct.

Petitioner's conviction was finalized on August 17, 2006, when the Remittitur was entered after Petitioner abandoned his direct appeal. The § 2244 statute of limitations time began to run from August 17, 2006, until Petitioner's state PCR action was filed on February 12, 2007, expending a total of one hundred seventy-nine (179) days. App. p 36. Thus, petitioner had one hundred eighty-six (186) days of non-tolled time remaining. Petitioner's statutory time tolled while his PCR proceedings were pending from February 12, 2007, when the PCR application was filed, to January 26, 2009, when the Remittitur was entered in the PCR appeal. The petitioner had 186 days, from January 26, 2009 until July 31, 2009, to timely file his federal habeas corpus petition.

Petitioner failed to do so, instead filing his federal habeas petition on December 29, 2009, one hundred fifty (150) days too late. Therefore, the instant petition is untimely under the AEDPA. 28 U.S.C. § 2244(d)(1) and should be dismissed as such.

6

## CONCLUSION

Accordingly, for the aforementioned reason it is recommended that the respondents' motion for summary judgment on timeliness grounds be granted and this matter ended. It is further recommended that Petitioner's Motion for Stay and Abeyance be denied. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 21, 2011

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).